NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1173

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 527969

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming his classification by the Sex Offender Registry Board (SORB) as a level two sex offender in accordance with G. L. c. 6, § 178K (2) (b).  On appeal, Doe claims that the evidence did not support the hearing examiner's classification decision.  We affirm.

Background.  We summarize the facts as set forth in the hearing examiner's decision, "supplemented by undisputed facts from the record."  Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd. 459 Mass. 603, 606 (2011) (Doe No. 10800).

On February 13, 2020, Doe, age fifty, grabbed his sixty-four year old girlfriend by the throat, pushed her against the wall and said, "I can fucking kill you if I want to you fucking cunt." The victim obtained a restraining order and in her affidavit in support of her petition for a restraining order, she stated that Doe had been drinking hard liquor between 7:00 A.M. and 10:45 A.M. and became verbally and physically abusive. The restraining order went into effect on February 20, 2020.

On February 26, 2020, Doe appeared at the victim's door around 10:30 P.M., announcing himself as one of the victim's neighbors with whom she is friendly. When she opened the door, Doe pushed his way in, immediately "striking [the victim] with a closed fist in the face." Doe continued to assault the victim through the hallway and into her living room.

Doe took the victim into the bedroom and said, "Get on the bed bitch and take off your pants." Doe then violently raped her. After committing the rape, Doe told her that if she called the police, "he'll finish [her] off." The victim suffered numerous injuries, including bruising to various parts of her face and body.

Doe was charged with aggravated rape,[1] in violation of G. L. c. 265, § 22 (a); unarmed burglary and assault on occupants, in violation of G. L. c. 266, § 14; assault and battery on an elderly or disabled person, in violation of G. L. c. 265, § 13K (a 1/2); assault and battery in violation of a restraining order, in violation of G. L. c. 265, § 13A (b); and two counts of violation of an abuse prevention order, in violation of G. L. c. 209A, § 7. Doe pleaded guilty to all the charges. He was incarcerated for one year and thereafter placed on probation. He was released from jail on January 20, 2022.

Following a SORB classification hearing on March 24, 2022, Doe was classified as a level two sex offender. A Superior Court judge denied Doe's motion for judgment on the pleadings and affirmed the level two classification. Doe appeals.

Discussion. 1. Standard of review. "We review a judge's consideration of an agency decision de novo." Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019) (Doe No. 523391). "A reviewing court may set aside or modify SORB's classification decision where it determines that the decision is in excess of SORB's statutory authority or jurisdiction, violates constitutional provisions,

---

[1] On July 7, 2021, the charge of aggravated rape was reduced to indecent assault and battery.

3

is based on an error of law, or is not supported by substantial evidence." Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 649 (2019) (Doe No. 496501). "We give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it" (quotation and citation omitted). Doe No. 523391, supra at 88. Doe therefore "bears a heavy burden of establishing that [SORB's] decision was incorrect." Doe, Sex Offender Registry Bd. No. 3177 v. Sex Offender Registry Bd., 486 Mass. 749, 757 (2021), quoting Boston Police Dep't v. Civil Serv. Comm'n, 483 Mass. 461, 469 (2019).

2. Classification determination. Doe contends that the hearing examiner's decision was arbitrary and capricious, and not supported by substantial evidence, because the hearing examiner "failed to explain how he balanced the predictive value of Doe's prior offense against the totality of the other circumstances." Doe also asserts that the hearing examiner's treatment of Doe's alcohol and substance abuse was an "arbitrary abuse of discretion." We disagree.

To support a level two classification, SORB must prove, by clear and convincing evidence:

> "(1) that the risk of reoffense is moderate; (2) that the offender's dangerousness, as measured by the severity and extent of harm the offender would present to the public in the event of reoffense, is moderate; and (3) that a public

4

safety interest is served by Internet publication of the offender's registry information."

Doe No. 496501, 482 Mass. at 644. See G. L. c. 6, § 178K (2)(b). "A hearing examiner has discretion . . . to consider which statutory and regulatory factors are applicable and how much weight to ascribe to each factor." Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 109-110 (2014). "Accordingly, [o]ur review does not turn on whether, faced with the same set of facts, we would have drawn the same conclusion as [the] agency . . ., but only whether a contrary conclusion is not merely a possible but a necessary inference" (quotation and citation omitted). Id. at 110. The hearing examiner's discretion is "guided by . . . [several] statutory risk factors" and various "aggravating and mitigating considerations." Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 134 (2019) (Doe No. 23656). See G. L. c. 6, § 178K (1); 803 Code Mass. Regs. § 1.33 (2016).

We are satisfied that the classification is supported by substantial evidence. The hearing examiner had "discretion to determine how much weight to ascribe to each statutory factor under consideration." See Doe No. 23656, 483 Mass. at 139. Here, the hearing examiner properly applied and analyzed the regulatory factors. The hearing examiner considered Doe's

5

underlying sexual offense, as well as his history of violent criminal behavior, hostility toward women, and substance abuse in support of the application of eight regulatory risk elevating factors.[2]  The hearing examiner also awarded full mitigating weight to Doe's advanced age of fifty-two and his current supervision by probation.

Turning the focus to factor 9 (alcohol and substance abuse), we conclude that the hearing examiner properly applied this factor in the classification analysis.[3]  Doe argues that the hearing examiner's determination that "[Doe's] history of treatment, abstinence, and relapse is unknown" was refuted by medical records.  Additionally, Doe asserts that the hearing examiner failed to consider Doe's self-reported current sobriety and his compliance with probationary requirements of abstinence. We find no merit to Doe's arguments.

_____

[2] Specifically, the hearing examiner applied the following factors: factor 7 (relationship between offender and victim); factor 8 (weapon, violence, or infliction of bodily injury); factor 9 (alcohol and substance abuse); factor 10 (contact with the criminal justice system); factor 11 (violence unrelated to sexual assaults); factor 15 (hostility towards women); factor 18 (extravulnerable victim); and factor 19 (level of physical contact).

[3] As to SORB's assertion that Doe waived his argument as to the hearing examiner's application of factor 9, we discern no error in the hearing examiner's classification regardless of the application of factor 9.

6

The record considered by the hearing examiner contained twenty-four years[4] of police reports that described Doe as being intoxicated. When the victim was assaulted in 2020, Doe had been drinking hard liquor at early hours of the morning. While incarcerated in 2021, Doe tested positive for marijuana. This evidence amply supports that Doe has a history of substance abuse and that it was active at the time of the hearing.

In March 2022, approximately three months after his release into the community, Doe wrote a letter to the hearing examiner stating, among other things, "I am sober." The hearing examiner was well within his discretion to disregard this evidence as unreliable and give it no impact in his analysis of factor 9. See Doe 23656, 483 Mass. at 138-139. See also Doe No. 10800, 459 Mass. at 638 (hearing examiner's duty "to assess the reliability of exhibits introduced in evidence and draw therefrom all reasonable inferences"). Similarly, since Doe had no requirement of abstinence during probation, his compliance with probation has no impact on factor 9.

After careful review of the hearing examiner's decision, we determine it was supported by substantial evidence, was not

---

[4] For instance, evidence before the hearing examiner described a 1997 incident where an intoxicated Doe assaulted a taxi driver.

arbitrary and capricious, and we discern no abuse of discretion.

Judgment affirmed.

By the Court (Meade,
Desmond & D'Angelo, JJ.[5]),

Clerk

Entered:  February 25, 2025.

---

[5] The panelists are listed in order of seniority.